UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| 3100 ARSENAL HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CV-424 RLW |
| TREMCO INCORPORATED, *et al.*, | ) |
| Defendants. | ) |

## **ORDER**

This matter is before the Court on Plaintiff's Motion for Extension of Time to Complete Discovery and Other Dispositive Motions. (ECF No. 33). Defendants oppose the motion. After careful consideration, the Court will deny Plaintiff's motion.

The Court entered its Case Management Order in this case on May 26, 2020 setting trial for November 1, 2021. (ECF No. 21). The Order directed the parties to complete discovery and file dispositive motions by June 1, 2021 and June 30, 2021, respectively. *Id*. Plaintiff filed the present motion on May 17, 2021 requesting a 60-day extension to both deadlines. (ECF No. 33). Plaintiff asserts the extensions are necessary because the parties have been unable to agree on dates for depositions. Defendants assert that they have offered numerous dates to Plaintiff's counsel for the required depositions. Defendants also note that Plaintiff has not propounded any written discovery or identified any experts in this case. Plaintiff did not file a reply and therefore does not dispute Defendants' assertions.

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). "As a vehicle designed to streamline

the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them." *Id.* (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). This Court has broad discretion in establishing and enforcing deadlines. *Id*. To modify the case management order, Plaintiff must show good cause for the modification. *Id*. To do so, it must show diligence in attempting to meet the order. *Id*. Finally, this Court may consider the prejudicial effect of a proposed modification on an opposing party. *Id*.

Review of Defendants' exhibits shows that Defendants' counsel offered several dates to Plaintiff's counsel for the necessary depositions. Plaintiff's counsel ultimately rejected all offered dates, even after initially agreeing to perform one deposition on May 25, 2021. In response to an email confirming the date, Plaintiff's counsel simply stated: "I am not available. Please send me dates after 6/15 sap [sic]." (ECF No. 36-9, Defs.' Ex. I).

Plaintiff has had ample time to conduct discovery in this matter. Defendants have completed discovery in a timely manner and otherwise complied with the Case Management Order by filing a Motion for Summary Judgment on June 29, 2021. (ECF No. 43). Simply put, Plaintiff has not shown good cause for the requested modifications and an extension at this late stage would unduly prejudice Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Extension of Deadlines (ECF No. 33) is **DENIED without prejudice.**

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of July, 2021.