UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| 3100 ARSENAL HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-424 RLW |
| | ) | |
| TREMCO INCORPORATED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Deem Admitted Defendants' Request for Admissions. (ECF No. 37). Plaintiff opposes Defendants' motion. After careful consideration, the Court will grant Defendants' Motion in part.

### **Background**

Defendants propounded their first requests for admission to Plaintiff on April 30, 2021. Plaintiff served its responses on May 10, 2021. Defendants assert that Plaintiff's responses to request numbers 1, 2, 4-15, and 17-24 are deficient and should be deemed admitted. Defendants argue that Plaintiff offered boilerplate objections to requests meant simply to confirm the language of the operative agreement between the parties. Plaintiff asserts that Defendants have not complied with Local Rule 3.04(A) because the parties did not confer in person or by telephone. Notably, Plaintiff does not contend that its responses were sufficient.

### **Legal Standard**

A party may serve on any other party requests for admission relating to: (1) facts, the application of law to fact, or opinions about either; and (2) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). Requests for admission are intended to eliminate issues not

really in dispute between the parties. *See* 6 James Wm. Moore, et al., *Moore's Federal Practice,* § 36.02[2] (3d ed. 2021). Done properly, requests for admission can save valuable resources by establishing uncontested facts without the time, trouble, and expense of proving these facts through discovery. *Id.* at § 36.02[1]. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). "[W]hen good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* A party may object to a particular request, but the grounds for objecting must be stated in the response. Fed. R. Civ. P. 36(a)(5). The requesting party may move the Court to determine the sufficiency of an answer. Fed. R. Civ. P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id*.

## Discussion

A. <u>Compliance with Local Rule 3.04(A)</u>

As an initial matter, the Court finds that Defendants complied with Local Rule 3.04(A). Defendants' motion states that their counsel called Plaintiff's counsel twice and left a message both times, but Plaintiff's counsel did not return either call. Defendants' motion establishes that their counsel made reasonable efforts to confer with Plaintiff's counsel by telephone in compliance with Local Rule 3.04(A).

B. <u>Request Numbers 5-15, 17-19, and 22-24</u>

Requests 5-15, 17-19, and 22-24 contain language from the agreement at issue in this matter. The requests do not ask Plaintiff to adopt certain interpretations of the agreement. Rather, Defendants simply ask Plaintiff to confirm that the language of the requests accurately reflects the language of the agreement. In response to each of these requests, Plaintiff states:

> To the extent the allegations of this Request seek to paraphrase or characterize the contents of that written document, the document speaks for itself and Defendants [sic] deny the allegations to the extent that they are inconsistent with that document.

As stated above, requests for admission can save valuable resources by establishing uncontested facts without the time, trouble, and expense of proving these facts through discovery. They are intended to eliminate issues not really in dispute between the parties. *See* 6 *Moore's Federal Practice,* § 36.02[2]. Plaintiff's assertion "that the document speaks for itself does not move the ball an inch down the field and defeats the narrowing of issues in dispute that is the purposes of the rule permitting requests for admission." *Jones v. Univ. of Memphis*, No. 215CV02148JPMCGC, 2016 WL 6123510, at *2 (W.D. Tenn. Sept. 23, 2016) (citing *Miller v. Holzmann*, 420 F.R.D. 1 (D.D.C. 2006)). It is "permissible to request that a party admit or deny a Rule 36 request as to the accuracy of quoted textual material from a particular document relevant to the case." *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000). The Court finds that Plaintiff's answers do not comply with Rule 36. Requests 5-15, 17-19, and 22-24 are deemed admitted.

C. Request Numbers 1, 2, 4, 20, and 21

Although the remaining Requests at issue do not contain direct quotations from the agreement, they are similarly straightforward.

Request Number 1 states: "Plaintiff's sole claim in this lawsuit is for claimed damages from breach of contract." Plaintiff responded: "Defendants took Plaintiff's Answers to Defendants' First Interrogatories out of context. Plaintiff is also seeking attorney's fees and costs." Although unnecessarily argumentative, Plaintiff's answer to Request Number 1 sufficiently explains why Plaintiff denies that its sole claim is for "claimed damages from breach of contract."

3

Plaintiff states that it seeks attorney's fees and costs in addition to damages. The Court will not deem Request Number 1 admitted.

In Request Number 2, Defendants ask Plaintiff to admit that their copy of the agreement is genuine. Plaintiff denies the request because it "does not know what Defendants mean or are trying to infer when they say the agreement is 'genuine.'" The term "genuine" is commonly understood to mean "actually having the reputed or apparent qualities or character." *Genuine, Merriam-Webster*, https://www.merriam-webster.com/dictionary/genuine (last visited July 16, 2021). The term is not vague in this context. Plaintiff's answer does not sufficiently explain why Plaintiff cannot truthfully admit or deny that the agreement is genuine, and therefore does not comply with Rule 36(a)(4). The Court deems Request Number 2 admitted.

Request Number 4 states: "The agreement price paid by Owner was a lump sum of $12,519.00." Plaintiff responded that "the document speaks for itself." Plaintiff's response is evasive. Defendants do not ask what the document states. Defendants simply ask Plaintiff to admit that it paid a particular sum. Plaintiff cannot reasonably contend at this stage in the litigation that it does not know what it paid under the agreement and its answer does not comply with Rule 36. The Court deems Request Number 4 admitted.

Request Number 20 states: "Plaintiff did not provide Defendants with thirty (30) days written notice of its intent to terminate the Agreement." Plaintiff responded:

> To the extent the allegations of this Request seek to paraphrase or characterize the contents of that written document, the document speaks for itself and Defendants [sic] deny the allegations to the extent that they are inconsistent with that document.

Plaintiff's answer does not address the substance of Request Number 20 in any way. There is nothing in Request Number 20 to indicate that Defendants are paraphrasing or characterizing the contents of any document. Plaintiff fails to explain why it cannot truthfully admit or deny whether

it gave Defendants thirty days' written notice. Plaintiff's answer does not comply with Rule 36. The Court deems Request Number 20 admitted.

Request Number 21 states: "Plaintiff hired non-party Smart Maintenance, LLC in 2019 to 'completely replace' the two roofs at the Subject Premises." Plaintiff denies the request because "the Exhibit specifically referred to are [sic] inaccurately paraphrased." But the Request does not ask Plaintiff to confirm Defendants' understanding of a particular document. It merely asks Plaintiff to admit whether it hired Smart Maintenance, LLC to "completely replace" two roofs at the Subject Premises. Plaintiff offers no explanation as to why it cannot truthfully admit or deny Defendants' contention as required by Rule 36(a)(4). The Court deems Request Number 21 admitted.

### Conclusion

In all but one instance, Plaintiff failed to sufficiently answer the requests for admission at issue in Defendants' Motion. The Court will deem admitted Request Numbers 2, 4-15, and 17-24. The Court will not deem admitted Request Number 1.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Deem Admitted Defendants' Request for Admissions (ECF No. 37) is **GRANTED in part** and **DENIED in part** as set forth above.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of July, 2021.